FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY - 1 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES MONTGOMERY ) <br> ) <br> Plaintiff, ) <br> ) <br> ) CIVIL ACTION <br> v. ) <br> ) FILE NO. 1:12-CV-1526 <br> CAPITAL ONE SERVICES, LLC ) <br> ) <br> Defendant. ) <br> _____ ) | |

## NATURE OF ACTION

1.  This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION

2.  This Court has jurisdiction under 47 U.S.C. § 227(b)(3).

## PARTIES

3.  Plaintiff Charles Montgomery ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Gwinnett, and City of Lawrenceville.

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.  Defendant, Capital One Bank (USA), N.A. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the

business of attempting to collect a "debt" from Plaintiff.

## FACTUAL ALLEGATIONS

6. In connection with collection of an alleged debt, Plaintiff's attorney sent written notice of representation to Defendant on November 11, 2011, regarding account ending in 6617.

7. In Plaintiff's attorney's written notice of representation, Plaintiff's attorney stated, in relevant part, as follows:

> "Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them."

8. Defendant received Plaintiff's attorney's November 11, 2011 letter of representation on November 15, 2011 at 4:50 a.m.

9. Despite having received Plaintiff's notice of representation and demand to cease and desist from all direct communications with Plaintiff, Defendant placed telephone calls to Plaintiff's cellular telephone, including, but not limited to, the following dates and times:

(a) January 4, 2012 at 6:11 p.m.;

(b) January 6, 2012 at 6:16 p.m.;

(c) January 10, 2012 at 5:55 p.m.; and

      (d)    January 16, 2012 at 2:47 p.m.

10. At no time relevant to the instant matter did Plaintiff's counsel consent to Defendant communicating directly with Plaintiff.

11. At no time relevant to the instant matter did Plaintiff's counsel fail to respond to Defendant within 30 days of communication from Defendant.

12. Upon information and good-faith belief, the telephone calls identified in Paragraph 9, above, and such other presently unidentified additional calls placed to Plaintiff's cellular telephone by Defendant, were all placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

13. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

14. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

15. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

16. Upon information and good-faith belief, the telephone calls placed to Plaintiff's cellular telephone by Defendant as identified in Paragraph 9, above, and such other presently unidentified additional calls placed to Plaintiff's cellular telephone by Defendant, were all placed to Plaintiff voluntarily.

17. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified in Paragraph 9, above, and such other presently unidentified additional calls placed to Plaintiff's cellular telephone by Defendant, were all placed by Defendant under its own free will.

18. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified in Paragraph 9, above, and when placing such other presently unidentified additional calls to Plaintiff's cellular telephone.

19. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified in Paragraph 9, above, and to make such other presently unidentified additional calls placed by Defendant to Plaintiff's cellular telephone.

20. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages for Plaintiff using an artificial or prerecorded voice in each of the telephone calls identified in Paragraph 9, above, and in such other presently unidentified additional calls placed by Defendant to Plaintiff's cellular telephone.

21. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice each of the telephone

calls identified in Paragraph 9, above, and such other presently unidentified additional calls placed by Defendant to Plaintiff's cellular telephone.

22. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

   c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

   d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. §

227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

This 27th day of April, 2012.

ATTORNEYS FOR PLAINTIFF
CHARLES MONTGOMERY

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com